UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DAVID WICK,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 16cv1987 JM (AGS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

On August 8, 2016, Plaintiff Ryan David Wick filed a complaint, pursuant to 42 U.S.C. § 405(g), asking for judicial review of the denial of Social Security disability benefits. (Doc. No. 1.) On January 30, 2017, Plaintiff moved for summary judgment. (Doc. No. 13.) Shortly thereafter, Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, did the same. (Doc. No. 14.) Magistrate Judge Andrew G. Schopler issued a Report and Recommendation ("R&R") recommending that this court deny Plaintiff's motion and grant Defendant's motion. (Doc. No. 23.) Neither party filed objections to the R&R by the date required. Now, having carefully considered the thorough and thoughtful R&R, the record before the court, the applicable authorities, and the absence of any objections to the R&R, the court adopts the R&R in its entirety and grants summary

judgment in favor of Defendant.

## BACKGROUND

The court hereby incorporates by reference the background presented in the R&R. (Doc. No. 23 at 2.)

## LEGAL STANDARDS

### A. District Court Review of R&R

The duties of the district court in connection with a magistrate judge's R&R are governed by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673–74 (1980); McDonnell Douglas Corp. v. Commodore Bus. Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). If neither party contests the magistrate judge's proposed findings of fact, "the court may assume their correctness and decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo, however, regardless of whether any party filed objections thereto. See Robbins v. Carey, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

### B. Judicial Review of the Commissioner's Decision

Under the Social Security Act, an unsuccessful claimant may seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). As indicated in the R&R, the court "may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." Garcia v. Comm'r of Soc. Sec., 768 F.3d 925, 929 (9th Cir. 2014); see also Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999) ("The ALJ's decision denying the disability insurance benefits will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error.").

"Substantial evidence is more than a mere scintilla but less than a preponderance." Tidwell, 161 F.3d at 601 (citation omitted). "Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007) (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)). If the evidence "can reasonably support either affirming or reversing the decision, [the court] may not substitute [its] judgment for that of the Commissioner." Id.

### C. Drug Abuse as a Material Contributing Factor to Disability

To determine whether a claimant is disabled under Title II of the Social Security Act, an administrative law judge ("ALJ") must employ the five-step sequential process laid out in 20 C.F.R. § 416.920(a)(4). However, the inquiry does not end there. As indicated in the R&R, disability benefits are prohibited if drug addiction is "a contributing factor material to the Commissioner's determination that the individual is disabled." Parra, 481 F.3d at 746 (citing 42 U.S.C. § 423(d)(2)(C)). The court incorporates by reference the legal standard presented in the R&R. (Doc. No. 23 at 3, ¶ 2.) Ultimately, the claimant "bears the burden of proving that his substance abuse is not a material contributing factor to his disability." Parra, 481 F.3d at 748.

## DISCUSSION

Plaintiff, while not contesting the ALJ's finding that he abused drugs, argues that the ALJ's finding that such drug abuse was a material contributing factor to his disability "lacks the support of substantial evidence." (See Doc. No. 13-1 at 4–7.) In his R&R, Magistrate Judge Schopler rejected Plaintiff's argument and found that the ALJ's finding is supported by substantial record evidence. This court agrees.

First, Plaintiff failed to carry his burden to produce evidence that his drug abuse was not a material contributing factor to his disability. See Parra, 481 F.3d at 748 (affirming denial of benefits because the claimant failed to carry his burden of proving that his alcoholism was not a material contributing factor to his disability). Dr. Nathan Strahl testified that Plaintiff's schizophrenia likely resulted from his drug abuse, and it was exacerbated by Plaintiff's voluntary non-compliance with prescribed treatment. (A.R. 19, 60–62, 67–68.) Dr. Strahl's testimony provided the ALJ with substantial evidence to

support his conclusion regarding the effect Plaintiff's drug abuse had on his schizophrenia.

Second, the ALJ appropriately gave less weight to the letter from Plaintiff's mother, Suzanne Browne, because it contained inaccurate information about Plaintiff's drug use. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses." (citing Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001))). The available medical records and admissions made by Plaintiff contradicted Ms. Browne's statement regarding his drug use. (See A.R. 17–18, 262, 272; Doc. No. 13-1 at 8.) The ALJ thus concluded that Ms. Browne "may not be as aware of [Plaintiff's] activities and symptoms as she may believe she is"; accordingly, he gave her letter "less weight." (A.R. 18.)

In sum, the court finds that the agency's decision is not based on legal error or unsupported by substantial evidence. Therefore, it will not be disturbed. Tidwell, 161 F.3d at 601.

## CONCLUSION

For the reasons stated, the court adopts the R&R in its entirety. Accordingly, the court denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment. The Clerk of Court is directed to close the file.

IT IS SO ORDERED.

DATED: September 22, 2017

JEFFREY T. MILLER
United States District Judge